IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DONALD KEITH BURTON**                                                      **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO. 3:05CV645LS**

**NORMA E. COMEAUX, WILLIE H.
COVINGTON, CITY OF JACKSON,
MS and CHELSEY CHILDS**                                 **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion to Amend, the City of Jackson's Motion for More Definite Statement, and the Motion for Extension of Time to Answer filed by Defendants Comeaux and Covington. This is a lawsuit brought by a prisoner in state custody, pursuant to 42 U.S.C. § 1983. The Plaintiff, Donald Keith Burton, is in the custody of the Mississippi Department of Corrections following state court convictions for kidnaping, armed robbery and rape. Burton was earlier prosecuted in federal court on two separate occasions, during which he claims that his civil rights were violated. All of Burton's prosecutions arose from a kidnaping, rape, and robbery in September, 2000. His first two federal prosecutions were on federal charges of carjacking, possession of a firearm by a convicted felon, and brandishing a firearm during a crime of violence (the first federal case) and bank robbery, brandishing a firearm during a crime of violence, obstruction of commerce by robbery, and brandishing a firearm in furtherance of the obstruction of commerce by robbery (the second federal case). Both of Burton's federal convictions were reversed on appeal, and he was subsequently charged and convicted in state court.

Each of the Fifth Circuit's reversals was based on the failure of technical elements of proof. In its opinion on the first federal case, the Fifth Circuit found that the Government had failed to

prove a nexus with interstate commerce for either the firearm or the vehicle used during the carjacking. Its opinion on the second federal case held that Burton's forcing the victim to use her ATM card to withdraw money from her account did not amount to bank robbery. Thus, the bank robbery charge and the dependent charges were all reversed. Neither conviction found that there was any doubt that Burton was involved in the attack on the victim; therefore, there was no impediment to charging Burton with state crimes arising from the incident. A review of the docket of Burton's state court case shows that his conviction has not yet been considered on appeal.

Burton has sued two agents of the Federal Bureau of Investigation, as well as the City of Jackson, for violating his constitutional rights by causing him to be falsely arrested and maliciously prosecuted. Specifically, he accuses the agents of giving false information and testimony that caused him to be arrested without probable cause and wrongfully convicted. He accuses the victim, Chelsey Childs (who has not been served with process and is not before the court in this case), of giving false testimony.[1] He accuses the City of Jackson, which does not employ either of the FBI agents, of having "an unconstitutional policy or custom in place of failing to investigate or act on prior complaints of officers filing false police reports and city's deliberate indifference to Plaintiff's constitutional rights by virtue of city's failure to train and supervise police officers." Finally, Burton earlier attempted to amend his Complaint to add Jack Lacy, an Assistant United States Attorney who was involved in his prosecution, as a Defendant. The court entered an Order refusing to add Lacy, on grounds of his absolute immunity from suit. Burton has moved again to amend his Complaint; however, that Motion will again be denied, on the same grounds. *Imbler v. Pachtman*, 424 U.S. 409,

---

[1]The victim could not be sued in any event, as a witness has absolute immunity against § 1983 liability for testimony given at trial, even if it is alleged that she conspired with others to give false testimony. *Mowbray v. Cameron County, Texas*, 274 F.3d 269, 277-78 (5th Cir. 2001).

431 (1975).

If Burton were to prevail on his claims against Comeaux and Covington, any conviction stemming from the crimes committed against Childs would be necessarily invalidated. In such a circumstance, as Burton himself recognizes, in order to prevail on his § 1983 claims, he must show that the underlying criminal proceeding terminated in his favor. *Heck v. Humphrey*, 512 U.S. 477 (1994). Whether the proceeding has terminated is a factual question, to be determined by the court, on which Burton has the burden of proof. *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995).

Here, Burton was tried on charges stemming from the same incident by the state court, and that conviction is still on appeal. Normally, where the underlying conviction is subject to retrial, and a favorable determination of the plaintiff's § 1983 claims would affect that retrial, *Heck* bars consideration of the § 1983 claims. *Clay v. Allen*, 242 F. 3d 679, 680-81 (2001) (holding that *Heck* did not apply where prosecutors agreed not to rely on evidence that was the basis of the § 1983 claims). The court is mindful of Burton's claim that his injuries arise from the three years he spent in federal custody, on convictions that were ultimately reversed by the Fifth Circuit. It is not clear whether his claims will be barred by *Heck* if his conviction is affirmed by the state court. Where it is not clear whether pending proceedings implicate *Heck*, the Fifth Circuit has held that the § 1983 case should be stayed pending their resolution. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In this case, it would appear, in any event, that the court should use its discretionary authority to stay this matter. Burton does not have a claim related to the manner in which he was prosecuted, as the victim and the prosecutor enjoy absolute immunity from liability. Burton's remaining claims are against the arresting officers, and they depend on his allegation that the entire case brought against him was false, that the description of the person who abducted Childs did not fit him, and

3

that he was unjustly charged with a crime against her. The affirmance of his conviction in state court would likely negate the substance of his claims. For that reason, the court finds that this matter should be stayed pending the resolution of Burton's state court conviction.

IT IS, THEREFORE, ORDERED as follows:

1. Burton's Motion to Amend is hereby **denied**.

2. The City of Jackson's Motion for More Definite Statement is hereby **denied** at this time, but without prejudice to the City's right to renew its request for this relief at a later date.

3. The Motion for Extension of Time to Answer is found as moot at this time.

4. This matter is stayed pending the resolution of Burton's state court appeal. The Plaintiff is directed to notify the court no later than twenty days after the entry of an opinion in state court on his appeal. Failure to do so may result in a recommendation that this matter be dismissed for failure to prosecute.

IT IS SO ORDERED, this the 1st day of September, 2006.


                                                    S/James C. Sumner  
                                       UNITED STATES MAGISTRATE JUDGE